Anderson v. Lithgo.

HENDERSON ANDERSON v. J. S. LITHGO & Co.

STAYOR. Where a stayor could have saved himself by paying the debt on expiration of the stay, and taking judgment over against his principal, but failed to do so, he is not discharged from liability as stayor, because the plaintiff failed to issue execution against the principal in time, though it was at the stayor's suggestion that he do so.

FROM RUTHERFORD.

Appeal from the Circuit Court. WM. H. WIL-LIAMSON, J.

J. M. AVENT for Lithgo.

L. JORDAN for Anderson.

FREEMAN, J., delivered the opinion of the court.

This is a petition for *certiorari* and *supersedeas* to quash an execution issued against a stayor of a judgment. It was dismissed by the Circuit Judge for want of merit on its face.

The grounds set forth for relief on the part of the stayor are, substantially, that after the stay expired the principals were good, the money might have been made out of them, and that he notified the attorney of the plaintiff to make the money, and pointed out property subject to levy out of which the money could have been made; that after this an execution was issued, and returned by the officer "not levied, by order of plaintiff's attorney." The parties have since become insolvent.

This is no ground for relief in a court of law, if indeed it be anywhere. Mere delay will not release a surety. In a case like this, the party could have saved himself from all danger by complying with his duty as stayor—paying the debt and taking a judgment at once over against his principals, on which no stay of execution could have been had. Code, sec. 3067. His failure to do so and peril results from his own wrong, and he must in this proceeding take the consequences.

Affirm the judgment.